**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHINEYEZE DORSLA, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | Case No. CIV-2017-119-M |
| | ) | |
| DOLESE BROS. CO. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | **ATTORNEY LIEN CLAIMED** |
| | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action herein alleges:

## PARTIES

1.     The Plaintiff is Chineyeze Dorsla, an African American male resident of Oklahoma County, Oklahoma.

2.     The Defendant is Dolese Bros Co., for profit corporation doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.     Plaintiff brings causes of action based on racial discrimination, hostile work environment and retaliation including failure to promote and retaliatory discharge in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. seq ("Title VII"). Plaintiff also brings state law causes of action for retaliation and wrongful termination based upon his race in violation of the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. §1101 et. seq.

–1–

4.   Plaintiff brings causes of action for wrongful termination in retaliation for Plaintiff's protected speech in violation of Plaintiff's rights under the free speech clauses of the First Amendment of the United States Constitution (as made actionable by 42 U.S.C. § 1983) and Oklahoma's Constitution, Art. 2, §22, and retaliatory termination in violation of Oklahoma's clearly established public policy protecting complaints of unsafe working conditions. Such policies are established by the Oklahoma Constitution Art 2, Sec. 22 (free speech), ***Vasek v. Bd. Of Cnty Com'rs***, 2008 OK 35, 186 P.3d 928 and 40 O.S. § 401-435, inter alia.

5.   The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343. Plaintiff also brings pendant state law claims under 25 O.S. §1101 *et. seq*. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

6.   Venue in this district is proper pursuant to 28 U.S.C. §§1391 (b) and (c), because Defendant operates in this district and the unlawful conduct giving rise to the claims occurred in this district.

7.   Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§2201 and 2202, and 42 U.S.C. §2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. §1981a.

8.   Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. §2000e-5, Fed. R. Civ. P. 54, and 12 O.S. 696.4.

9.   This action properly lies in the District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. §1391(b) because the claims arose in this district, and pursuant to 42 U.S.C. §2000e-(f)(3) because the unlawful employment practice arose in this district.

## CONDITIONS PRECEDENT

10.   Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about May 12, 2016.   This charge was EEOC charge number 564-2016-940.

11.   Plaintiff was issued a notice of right to sue dated November 8, 2016, and this lawsuit is filed within ninety (90) days of Plaintiff's receipt of such notice.

12.   Plaintiff has exhausted his administrative remedies under federal and state law.

## STATEMENT OF FACTS

13.   Plaintiff was employed at Defendant's Edmond location from September 3, 2015 until April 22, 2016 in the position of "laborer".

14.   At all times while employed with Defendant, Plaintiff was qualified for the position he held.

15.   Plaintiff satisfactorily performed his job duties during his employment with Defendant.

16.   To Plaintiff's understanding, Plaintiff's job and/or job duties continued to exist after Plaintiff's termination.

17.   During Plaintiff's employment, Defendant subjected Plaintiff to a discriminatory

–3–

and racially hostile work environment. Examples of such conduct include, but are not limited to being called "boy" and "monkey".

18.   Such conduct was objectively offensive and it personally offended the Plaintiff.

19.   During the course of Plaintiff's employment, Plaintiff was instructed to perform job duties that were unreasonably dangerous and/or in violation of Occupational Safety and Health Administration (OSHA) regulations. Examples of such instructions include but are not limited to the following:

   A.   Handling hazardous chemicals without proper Personal Protective Equipment ("PPE").

   B.   Operate heavy machinery without assistance.

   C.   Clean material underneath a conveyor belt while the conveyor belt was moving.

20.   Plaintiff protested performing the above job duties because there were unreasonably dangerous and/or in violation of OSHA.

21.   In response to Plaintiff's protest, Defendant retaliated against Plaintiff by issuing unjustified or frivolous disciplinary actions.

22.   Beginning around January 2016 and continuing through the end of Plaintiff's employment, Plaintiff internally reported numerous health and safety concerns and filed "Safety Concern Reports".

23.   Due to Defendant's failure to address Plaintiff's health and safety concern regarding hazardous waste near the drainage system, Plaintiff filed a complaint with the

Department of Environmental Quality ("DEQ") around January 14, 2016.

24.    As a result of Plaintiff's complaint, the DEQ conducted an investigation of the Edmond plant on or about January 20, 2016.

25.    Defendant responded to Plaintiff's health and safety concerns with harassment and retaliation. Examples of such conduct include, but are not limited to, the following:

    A.    Plaintiff was verbally chastised and accused of "costing them money".

    B.    Plaintiff was informed by a co-worker that he was "being watched" by Defendant's Management.

    C.    Doug Warnock, a Caucasian male supervisor, initiated a verbal altercation with Plaintiff in which Warnock yelled and cursed as the Plaintiff as well as specifically threatening the Plaintiff that "he better quit" with the PPE because it was "cutting into profit sharing".

    D.    Ray Terry, a Caucasian male supervisor, mocked and belittled Plaintiff's about possessing an OSHA card and called him names such as "Mr. PPE".

    E.    On two separate occasions, Steve Dean, a Caucasian male supervisor, specifically instructed Plaintiff to "stop filing safety reports" to throw his reports in the trash.

26.    Despite Plaintiff's repeated complaints of harassment and requests for the Defendant to address and remedy the harassment, the Defendant refused to act and

the harassment continued.

27.  Such conduct made the workplace abusive and hostile in that it caused the Plaintiff to be uncomfortable, nervous and anxious coming into work and during the work day.

28.  On or about March 6, 2016, Plaintiff applied for a promotion to the position of Safety Specialist.

29.  Plaintiff was qualified for the position of Safety Specialist.

30.  Defendant refused to promote Plaintiff and instead offered the Safety Specialist position to Kenneth Pointer, a white male who had not made health and safety complaints.

31.  On or about March 10, 2106 Plaintiff filed a complaint with OSHA.

32.  As a result of Plaintiff's OSHA complaint, an OSHA inspector conducted an investigation at Plaintiff's work facility on or about March 16, 2016.

33.  As part of the OSHA investigation, Plaintiff was called into management's office and required to speak with the OSHA inspector regarding his complaints and concerns in the presence of Defendant's management.

34.  The following day, March 17, 2016, Plaintiff was issued two unjustified disciplinary actions and removed from consideration for the position of Safety Specialist.

35.  Plaintiff's protested the March 17, 2016 disciplinary action and notified Defendant of his belief that he was being subjected to unfair and retaliatory treatment.

36.   Due to Defendant's retaliatory conduct on March 17, 2016 Plaintiff contacted OSHA to file a retaliation complaint.

37.   Within days of filing a retaliation complaint with OSHA, Plaintiff was issued another disciplinary action.

38.   On or around March 29, 2016 Steve Bowen, a Caucasian male supervisor, called Plaintiff into a meeting to inform him that his OSHA Complaint had been closed. During the course of this meeting, Mr. Bowen expressed frustration with Plaintiff's health and safety complaints, accused him of being paranoid and strongly discouraged Plaintiff from any further communication with an agency regarding health and safety concerns in order to continue his career with Defendant.

39.   On or about April 11, 2016, the OSHA re-opened Plaintiff's case and notified Defendant of such.

40.   On or about April 21, 2016 Plaintiff was disciplined for an event that allegedly occurred on April 13, 2016 and placed on "decision making leave" ("DML") until April 22, 2016.

41.   When Plaintiff returned to work on April 22, 2016, he was terminated from employment.

42.   Defendant has provided differing and inconsistent reasons for Plaintiff's termination including violations of safety policy, refusing to cooperate during the "DML" process and refusing to sign the April 21st disciplinary action.

43.   Motivating factors in the termination of the Plaintiff were Plaintiff's race, protected

complaints, and opposition to unlawful conduct above described. At the least, these factors were part of a group of mixed motives for such decision such that Plaintiff is entitled to protection under the mixed motive doctrine and significant factor doctrines for Plaintiff's public policy claims and race claims.

44. As the direct result of the conduct described above, Plaintiff has suffered lost income (wages and benefits), past, present and future, and dignitary harms in the form of worry, anxiety, embarrassment, and other similar unpleasant emotions

45. All adverse actions taken by the Defendant against Plaintiff were intentional, willful, malicious, and/or with reckless disregard for the legal rights of Plaintiff.

## <u>COUNT I</u>

46. Plaintiff incorporates the paragraphs as set forth above as if fully restated herein.

47. Plaintiff was subjected to discriminatory treatment because of his race (African-American) and color of his skin (black). Disparate and discriminatory adverse treatment directed toward Plaintiff by Defendant included, without limitation, being subjected to different terms and conditions of employment, different standards of conduct and discipline, and discharge.

48. Defendant's willful and malicious conduct as described above is in clear violation of Title VII of the Civil Rights Act of 1964.

49. Plaintiff's race, African-American, was a motivating factor in Defendant's adverse employment actions as described above. Defendant violated Plaintiff's rights under Title VII by taking such adverse actions. Plaintiff's complaints concerning his belief

that he was being discriminated against also led to illegal retaliation in violation of Title VII.

50.    As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraph 44.

51.    Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under Title VII, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

52.    Plaintiff is also entitled, under 42 U.S.C. §2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT II

53.    Plaintiff incorporates the paragraphs as set forth above as if fully restated herein.

54.    Plaintiff is an African-American protected from racial discrimination by 42 U.S.C. §1981.

55.    Plaintiff received disparate and hostile treatment compared to other similarly situated, non-minority employees, as described previously.

56.    Any reason(s) given for the adverse actions taken against Plaintiff are pretextual in nature.

57.    The discrimination against Plaintiff altered the terms, conditions, and/or privileges of his employment.

58.    Defendant did nothing to attempt to remedy the wrong(s) suffered by Plaintiff.

59.   Defendant's acts and omissions violated Plaintiff's rights secured by 42 U.S.C. §1981.

60.   As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraph 44.

61.   Plaintiff is entitled to and seeks all legal and equitable remedies available to a prevailing plaintiff under 42 U.S.C. §1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

## COUNT III

62.   Plaintiff incorporates the paragraphs as set forth above as if fully restated herein.

63.   At all times while employed with Defendant, Plaintiff was qualified for the position(s) he held and had been performing satisfactorily.

64.   Defendant's willful and malicious conduct as described above is in clear violation of OADA.

65.   Plaintiff's race, African-American, was a motivating factor in Defendant's adverse employment actions as described above. Defendant violated Plaintiff's rights under the OADA by taking such adverse actions and retaliating against Plaintiff for complaining of his belief that Defendant discriminated against him.

66.   As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraph 44.

67.   Plaintiff is entitled to and seeks all legal and equitable remedies provided to a

prevailing Plaintiff under OADA, including, without limitation: back pay, front pay, compensatory damages and any appropriate declaratory and/or injunctive relief.

68.    Plaintiff is also entitled, under 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT IV

69.    Plaintiff incorporates the paragraphs as set forth above as if fully restated herein.

70.    Oklahoma public policy protects employees who have complained of unsafe working conditions. Such policies are established by the Oklahoma Constitution, Art 2, Sec. 22(free speech), *Vasek v. Bd. Of Cnty Com'rs,* 2008 OK 35, 186 P.3d 928 and 40 O.S. § 401-435, inter alia.

71.    Plaintiff was retaliated against and subsequently terminated for opposing to participate in acts that were unreasonably dangerous and/or in violation of Occupational Safety and Health Administration regulations.

72.    Plaintiff's injuries were motived, at least in part, by retaliation for opposing and refusing to participate in unsafe working conditions, filing protected health and safety complaints, and reporting Defendant's unlawful conduct.

73.    Retaliation for making protected reports of unlawful conduct by the Defendant is in violation of Plaintiff's free speech rights under the First Amendment of the United States Constitution (as made actionable by 42 U.S.C. § 1983)

74.    Under this Count Plaintiff is entitled to his lost wages and benefits, and emotional distress/dignitary harm damages.

75.   Plaintiff is also entitled to an award of attorney fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** it is respectfully prayed that this Court grants to the Plaintiff the following relief:

a.   Back pay, in amounts to be determined at trial;

b.   Liquidated damages;

c.   Compensatory damages;

d.   Injunctive and/or declaratory relief;

e.   Pre-judgment and post-judgment interest at the highest lawful rate;

f.   Attorneys' fees and costs of this action, including expert witness fees, as appropriate;

g.   That Defendant be enjoined and restrained from engaging in further discriminatory conduct; and

h.   Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

**RESPECTFULLY SUBMITTED ON THIS 6th DAY OF FEBRUARY, 2017.**

s/Christine C. Vizcaino
Christine C. Vizcaino, OBA #30527
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd. Suite H
Oklahoma City, OK 73134
Telephone: 405-607-4357/ 405-607-4358 (Fax)
Christine@mazaherilaw.com
*Attorneys for Plaintiff*

**Attorney's Lien Claimed**